# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERNEST D. GLASPER, : | |
| Petitioner, : | |
| : | No. 1:18-cv-00001 |
| v. : | |
| : | (Judge Kane) |
| WARDEN J. EBBERT : | |
| Respondent : | |

## MEMORANDUM

Petitioner Ernest D. Glasper, an inmate currently confined at the United States Penitentiary Lee County, Jonesville, Virginia ("USP-Lee County"), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 2, 2018, challenging the Bureau of Prisons ("BOP")'s interpretation and implementation of the Second Chance Act of 2007, relating to the length of time he should be afforded in a Residential Re-Entry Center ("RRC") placement. (Doc. No. 1 at 8.) Petitioner seeks an order to either place him in RRC to serve the remainder of his sentence in accordance with the Second Chance Act, or transfer him to a different prison where he can receive assistance with his RRC placement. (Id.) For the reasons that follow, the petition will be dismissed.

## I.  BACKGROUND

Petitioner is serving a 141-month sentence of incarceration and three (3) years of supervised release for violating 18 U.S.C. § 922(G)(1) and § 924(C), felon in possession of a firearm and use of a firearm in relation to a crime of violence (carjacking). (Doc. No. 10 at 2.) Petitioner's projected release date, assuming all good conduct time is earned, is March 1, 2019. (Id.; Doc. No. 11 at 1.)

A. **The Second Chance Act and BOP Implementing Guidance**

On April 9, 2008, the Second Chance Act of 2007, Pub.L. No. 110-199, Title II, § 251, 122 Stat. 657, 697 ("Second Chance Act"), codified at 18 U.S.C. §§ 3621, 3624, went into effect. This Act contains provisions designed to aid prisoners in their transition back into society, and increases the duration of pre-release placement in a RRC from six (6) to twelve (12) months. 18 U.S.C. § 3624(c)(1), (c)(6)(C). The BOP's policies provide that recommendations for RRC placements are ordinarily first reviewed with the inmate and the prisoner's Unit Team approximately seventeen (17) to nineteen (19) months prior to the inmate's probable release date. (Id.) Referrals are made to the Community Corrections Manager, who coordinates the placements. (Id.) Each inmate recommendation and referral is conducted by staff with the understanding that inmates are entitled to a maximum RRC placement of twelve months, but that specific RRC placement recommendations should be based on an individualized assessment of the criteria set forth in 18 U.S.C. § 3621(b), including a particular inmate's needs for services, public safety, and the necessity of the BOP to manage its inmate population responsibly. (Id.) When assessing an inmate for an RRC recommendation, the prison Unit Team must review the resources of the facility contemplated, the nature and circumstances of the inmate's offense, the history and characteristics of the inmate, any statement of the court that imposed the sentence, and any pertinent policy statement issued by the U.S. Sentencing Commission. (Id.) The inmate's institutional conduct and programming are also an important part of this assessment process, and are considered to determine whether additional RRC time is warranted as an incentive for positive behavior by the inmate under 42 U.S.C. § 17541.

In the instant case, Respondent contends that a relocation packet was submitted on behalf of Petitioner on October 11, 2017. (Doc. No. 10 at 3.) Petitioner requested to be transferred from the Northern District of Indiana to the Southern District of Indiana. (Id. at 3, 4.) Respondent maintains that on December 19, 2017, the United States Probation Office denied Petitioner's relocation request and that his referral is currently under review. (Id. at 4.)

**B.     BOP's Grievance Procedures**

Regarding an inmate's concern with RRC placement and other institutional matters, the BOP has adopted a three-tiered administrative remedy procedure where an inmate may submit complaints relating to any aspect of his confinement. 28 C.F.R. § 542.10, et seq. Generally, an inmate must first present his complaint to staff in an attempt to informally resolve the matter. Id. § 542.13(a). If informal resolution is unsuccessful, the inmate may file a formal written complaint to the warden on the appropriate form within twenty (20) calendar days of the date on which the events which form the basis for the complaint took place. Id. § 542.14(a). If the inmate is dissatisfied with the warden's response, the inmate may then file an appeal to the Regional Director within twenty (20) calendar days. Id. § 542.15(a). Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may be appealed to the General Counsel's Central Office within thirty (30) calendar days from the date of the Regional Director's response. (Id.) The Central Office decision is the final level of administrative review. (Id.)

Respondent notes that in addition to the prematurity of this action, Petitioner has not properly filed to exhaustion any grievances in accordance with the BOP's Program Statement, 28 C.F.R. § 542.10, et seq., related to RRC placement. (Doc. No. 10 at 4, 5.) Accordingly,

Respondent argues that this case should be dismissed for Petitioner's failure to properly exhaust his administrative claims.

## II. DISCUSSION

### A. Exhaustion Doctrine Bars Consideration of Habeas Petition

Petitioner's habeas petition is procedurally flawed in that he has failed to properly exhaust his administrative remedies. Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to filing a § 2241 petition. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996) (holding "that a prisoner's procedural default of his administrative remedies bars judicial review of his habeas petition unless he can show cause for the default and prejudice attributable thereto"); Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981) (concluding that, in the context of a habeas petition filed under § 2241, "the district court should have dismissed appellant's petition on exhaustion grounds"). Exhaustion of administrative remedies is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981).

In this case, the record confirms that Petitioner has not exhausted his administrative remedies with regard to his RRC placement. (Doc. No. 10 at 4, 5.) Petitioner maintains that he was unable to exhaust his administrative remedies regarding this issue because staff threw away or destroyed his administrative remedy appeals. (Doc. No. 1 at 2.) However, the record belies

4

this argument, as it reveals that Petitioner was able to successfully file other unrelated administrative remedy appeals during his incarceration. (Doc. No. 10 at 7.)

Moreover, Petitioner cannot avoid this exhaustion requirement by simply asserting that he regards the administrative remedy process as futile. Courts in the Middle District of Pennsylvania, when presented with habeas claims seeking placement in a residential setting under the Second Chance Act, have consistently held that:

> "Exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals before the twelve-month pre-release mark, which is simply a statutory maximum and not a mandate." See Malvestuto v. Martinez, 2009 U.S. Dist. LEXIS 78231, *9 (M.D. Pa. Sept. 1, 2009) (Conner, J.); Melchiorre v. Martinez, 2009 U.S. Dist. LEXIS 91137, *7 (M.D. Pa. Sept. 30, 2009) (Conner, J.); D'Alfonoso v. Martinez, 2009 U.S. Dist. LEXIS 90344, *6 (M.D. Pa. Sept. 30, 2009) (Conner, J.); Torres v. Martinez, 2009 U.S. DIst. LEXIS 70577 (M.D. Pa. Aug. 12, 2009) (Munley J.); Miceli v. Martinez, 2009 U.S. Dist. LEXIS 71877 (M.D. Pa. Sep. 15, 2008) (Rambo, J.).

Ross v. Martinez, No. 09-1770, 2009 WL 4573686, at *3 (M.D. Pa. Dec. 1, 2009). As noted by the United States Court of Appeals for the Third Circuit, when examining discretionary prison decisions regarding RRC placement, exhaustion is required before a prisoner may proceed into federal court. See Vasquez v. Strada, 284 F.3d 431, 434 (3d Cir. 2012); see also Bisulca v. Schism, No. 09-2552, 2010 WL 1805394 (M.D. Pa. May 5, 2010); McCooey v. Martinez, No. 09-1533, 2010 WL 411744 (M.D. Pa. Jan. 25, 2010); Lacy-Thompson v. Martinez, No. 09-1320, 2009 WL 4823875 (M.D. Pa. Dec. 14, 2009); Ferris v. Holt, No. 09-1465, 2009 WL 3260557 (M.D. Pa. Oct. 8, 2009).

Accordingly, because the Court concludes that Petitioner has not exhausted his administrative remedies and has not shown that his failure to pursue such administrative relief

5

should be excused, the Court will dismiss this petition without prejudice to the filing of a new § 2241 petition after the Petitioner fully exhausts appropriate administrative relief.

**B.      Judicial Ripeness Doctrine Precludes Review of Petition**

Petitioner's habeas petition is also procedurally flawed in that his claim is not yet ripe for adjudication because the BOP has not yet made an RRC placement decision in his case. The Court agrees with Respondent's assertion that pursuant to the Second Chance Act, RRC placement is not available to Petitioner until the final months of his prison term. The Court cannot address Petitioner's concerns without the existence of some genuine, currently justiciable case or controversy. See Curry v. Thomas, No. 1:cv-14-0756, 2014 WL 4078639, at *2 (M.D. Pa. Aug. 18, 2014.)

"No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." Simon v. E. Ky.Welfare Rights Org., 426 U.S. 26, 37 (1976). Standing provides "justiciability: whether the plaintiff has made out a 'case or controversy' between himself and the defendant within the meaning of Art. III." Warth v. Seldin, 422 U.S. 490, 498 (1975). Three elements comprise the "irreducible constitutional minimum of standing": (1) an "injury in fact"; (2) an injury that is causally connected to the conduct of which the plaintiff complains; and (3) the likelihood that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992); Griffin v. Holt, No. 3:08-CV-1028, 2008 WL 5348138, at *2 (M.D. Pa. Dec. 17, 2008).

Here, Petitioner claims that he has been unlawfully denied access to the RRC program. The government, however, has yet to make that decision. Therefore, because a final RRC

placement decision had not been made at the time Petitioner filed this habeas petition, the issue was not then ripe, nor is it now.  The Third Circuit has addressed this very issue of ripeness in the context of inmate habeas petitions challenging RRC placements and articulated that when "neither a final decision nor a final recommendation [on RRC] has been made . . . [the] habeas corpus petition . . . is not ripe for judicial review."  Porter-Bey v. Bledsoe, 456 F. App'x 109, 111 (3d Cir. 2012); see also Stanko v. Obama, 393 F. App'x 849, 851 (3d Cir. 2010) (finding that because no BOP decision had been made in petitioner's case, any injury based on the application of the Second Chance Act to him was speculative); Curry v. Thomas, No. 1:cv-14-0756, 2014 WL 4078639, at * 3 (M.D. Pa. Aug. 18, 2014) (providing that "where an inmate seeks judicial intervention in the RRC placement process before a final placement decision has been made, a habeas petition must be dismissed since the petition is premature and does not present a justiciable case or controversy").  Therefore, based on this precedent, Petitioner's petition will be dismissed as no final agency action has been taken, and this matter is not yet ripe for resolution by the Court.

### III.  CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus (Doc. No. 1), will be dismissed without prejudice.  An appropriate Order follows.